**PARKER v HANDYSIDE et as Trustees of Elyria Aerie No. 431, Fraternal Order of Eagles**

Ohio Appeals, 9th Dist, Lorain Co

No 670. Decided Oct 13, 1933

Stevens & Stevens, Elyria, for plaintiff in error.

Stetson & Butler, Elyria, for defendants in error.

## OPINION

By STEVENS, J.

The first error assigned brings before us the question as to what are proper amendments of parties defendant.

Sec 11363, GC, provides as follows:

"Before or after judgment, in furtherance of justice and on such terms as it deems proper, the court may amend any pleading, process, or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party or a mistake in any other respect, or by inserting other allegations material to the case, or, when the amendment does not substantially change the claim or defense, by conforming the pleading or proceeding to the facts proved. When an action or proceeding fails to conform to the provisions of this title, the court may permit either to be made conformable thereto, by amendment."

The wording of this section palpably leaves within the discretion of the trial court the question of allowing or disallowing applications to amend pleadings, and, in the absence of a clear abuse of discretion by the trial court in its rulings, reviewing courts will not disturb such rulings.

"5. Motions for leave to amend are addressed to the sound discretion of the court, and their refusal will not be held to be erroneous unless it is affirmatively shown that the discretion was abused."

Clark v Clark, 20 Oh St 128.

However, it will be observed from the caption of plaintiff's petition that the words "Elyria Aerie No. 431, Fraternal Order of Eagles," are words of description applied to the persons theretofore named as parties defendant, and that "Elyria Aerie No. 431, Fraternal Order of Eagles," as such, was not named as a party defendant, nor was service had upon said association.

An amendment such as that requested by plaintiff would amount to the substitution of a new party defendant and would, in effect, be the institution of a different suit than that originally filed; and in the absence of a waiver of the issuance and service of summons or a voluntary entry of appearance by the new defendant, any judgment rendered against such new defendant would be void, for the reason that such a defendant would not have been served, would not be before the court, and accordingly would not be amenable to the orders of the court. We are clearly of the opinion that the trial court, in refusing to permit the amendment requested by plaintiff, did not abuse its discretion, nor did it commit error prejudicial to the plaintiff.

The second error assigned raises the question of the propriety of the court's ruling in directing a verdict for the defendants.

The petition of the plaintiff alleges that the trustees named as defendants owned the building where plaintiff claims to have sustained his injuries, that they maintained and controlled the elevator located therein, and were negligent in the particulars specified. Elyria Aerie No. 431, Fraternal Order of Eagles, as such, was not a party defendant under the petition as filed. That

petition, in the opinion of this court, stated a good cause of action against the defendants named therein. It is true that counsel for defendants stated in their opening statements that they expected the evidence to show that the named defendants were not the owners of said premises, but that Elyria Aerie No. 431, Fraternal Order of Eagles, was the owner. There is, however, no evidence in the record to show that the ownership of said premises was in anyone other than in the defendants named in the petition, and until such time as it affirmatively appeared from evidence properly introduced that the ownership of said building was in someone other than the named defendants, it is apparent that the court could not properly direct a verdict for the defendants.

Undoubtedly counsel for the plaintiff will see the advisability of proceeding against the proper party or parties defendant in any proceedings which may be hereafter had.

For error in directing a verdict for the defendants, the judgment is reversed and the cause remanded for further proceedings according to law.

WASHBURN, PJ, and FUNK, J, concur in judgment.